

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNETH SMITH,

                Petitioner,

    -against-

ELIOT SPITZER, Attorney General,
State of New York

                Respondent.

03 Civ. 3318 (LAP)(JCF)

ORDER ADOPTING REPORT
AND RECOMMENDATION

Loretta A. Preska, Chief United States District Judge:

    On December 1, 2011, Kenneth Smith ("Smith") moved, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, to vacate this Court's denial of his prior habeas petition. Magistrate Judge James C. Francis IV issued a Report and Recommendation on July 24, 2012 (the "Report"), in which he recommended that the motion to vacate be denied. The parties were given fourteen days to file any objections. Objections to Judge Francis's Report were submitted to this Court by letter dated July 31, 2012 [dkt. no. 50].

Report and Recommendation

    Smith submitted the letter motions at issue, dated November 23, 2011 and February 9, 2012, arguing that judgment should be vacated and his petition granted based on a change of New York state law interpreting the United States Constitution.  [Dkt.

nos. 44, 45.] Specifically, he asserted that he is entitled to relief based on the decision of the New York Court of Appeals in People v. Crampe, 17 N.Y.3d 469 (2011). Crampe, according to Smith, establishes a binding federal standard for evaluating a waiver of the right to counsel, which was not adhered to in his case. The Report explains that a federal habeas court is not bound by a state court's findings on questions of federal law. Report at 2; See Carvajal v. Artus, 633 F.3d 95, 106-07 (2d Cir. 2011).

Objections

Smith's objections to Judge Francis's Report repeat that the Court should consider Crampe and additionally that his habeas petition should be granted pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") 28 U.S.C. § 2244. [Dkt. no. 50.] Crampe is a state court decision holding that a court must undertake a searching inquiry to ensure that a pro se defendant makes a knowing, voluntary and intelligent waiver of the right to counsel. Crampe, 17 N.Y.3d at 481. The Crampe decision is based on a consistent interpretation of the New York State Constitution. Id. at 481, 483 (explaining that the cornerstone of New York state self-representation jurisprudence is from article I, § 6 of the New York State Constitution); see e.g., People v. McIntyre, 36 N.Y.2d 10, 17,

2

(1974). Contrary to the holding, Smith argues that "the Crampe decision does not lend itself in any way to the interpretation of 'state law'" and is thus federal law based. [Dkt. no. 50 at 13]. Even if the Crampe court relied on federal law for its decision, a federal court is not bound by a state court's analysis of federal law. Portalatin v. Graham, 624 F.3d 69, 84 (2d Cir. 2010). Further, the Supreme Court cases that Crampe refers to, Iowa v. Tovar, 541 U.S. 77 (2004), and Patterson v. Illinois, 487 U.S. 285 (1988), "were part of the legal landscape" when this Court adopted Judge Francis's Report and Recommendation on December 17, 2004, and before the Court of Appeals dismissed Smith's appeal on February 9, 2006. Accordingly, Crampe does not reflect a change in New York state or federal law.

Smith claims that pursuant to AEDPA, his case resulted in a decision that was contrary to clearly established federal law, but he fails to state any specific federal provision or constitutional standard that has been violated. [Dkt. no. 50 at 5]; 28 U.S.C. § 2244. There is no argument or evidence that indicates Smith's conviction was contrary to, or involved an unreasonable application of, clearly established federal law, and thus his vague AEDPA claim fails. Williams v. Taylor, 529 U.S. 362, 402-03 (2000).

3

Conclusion

Having considered the objections to Judge Francis's Report and finding the Report to be well-reasoned and thoroughly grounded in the law, it is hereby ORDERED that the Report is ADOPTED in its entirety and Smith's petition [dkt. nos. 44, 45] is DENIED.

SO ORDERED.

Dated: New York, New York
       April 29, 2013

*Loretta A. Preska*
UNITED STATES DISTRICT JUDGE