UNITED STATES DISTRICT COURT                    **(ECF)**
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X
KENNETH SMITH,                          :  03 Civ. 3318 (LAP) (JCF)
                                        :
                    Petitioner,         :        REPORT AND
                                        :        RECOMMENDATION
     - against -                        :
                                        :
ELIOT SPITZER, Attorney                 :
General, State of New York,             :
                                        :
                    Respondent.         :
- - - - - - - - - - - - - - - - - -X
TO THE HONORABLE LORETTA A. PRESKA, CHIEF JUDGE:

     Kenneth Smith brings this motion pro se in connection with his
habeas corpus proceeding, seeking to vacate the 2004 judgment
denying his petition.  Mr. Smith requests relief pursuant to Rule
60(b) of the Federal Rules of Civil Procedure based on purported
changes in the law.  For the reasons set forth below, I recommend
that his application be transferred to the United States Court of
Appeals for the Second Circuit.

Background

     Mr. Smith is currently serving a sentence for his 1995
conviction in New York State Supreme Court, New York County, for
four counts of Robbery in the Second Degree in violation of New
York Penal Law § 160.10(2)(b).  See Smith v. Spitzer, 03 Civ. 3318,
2012 WL 7793085, at *1 (S.D.N.Y. July 24, 2012).  In 2003, he filed
a petition for a writ of habeas corpus in this Court challenging
his conviction on the ground, among others, that he was denied his

Sixth Amendment right to counsel when his application to proceed without an attorney was granted without his being properly warned of the risks.  (Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus by a Person in State Custody dated March 26, 2003).  In a Report and Recommendation dated July 16, 2004, I recommended that the petition be denied, and that recommendation was adopted on December 17, 2004 (Order dated Dec. 17, 2004 ("2004 Judgment")).

On December 22, 2011 and February 9, 2012, Mr. Smith submitted letter applications, seeking relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure based on a purported change in the law.  In a Report and Recommendation dated July 24, 2012, I recommended that the applications be denied, and Judge Preska adopted that recommendation on April 29, 2013.  Smith v. Spitzer, 03 Civ. 3318, 2013 WL 1800207, at *2 (S.D.N.Y. April 29, 2013).

In the instant letter application, Mr. Smith asserts that the 2004 Judgment should be vacated and his petition be granted because he was deprived of counsel during critical stages of his 1995 criminal proceeding.  (Letter of Kenneth Smith dated June 5, 2013 ("Application")).  He argues that three recent Supreme Court cases -- Evans v. Michigan, __ U.S. __, 133 S. Ct. 1069 (2013), Johnson v. Williams, __ U.S. __, 133 S. Ct. 1088 (2013), and Marshall v. Rodgers, __ U.S. __, 133 S. Ct. 1446 (2013) -- set binding standards for assessing a waiver of the right to counsel which were

not adhered to in his case.  (Application at 2).  The respondent has not been asked to answer the motion.

<u>Discussion</u>

A.   <u>Rule 60(b) or Successive Petition</u>

A threshold question is whether Mr. Smith's application should be treated as a motion to vacate a judgment under Rule 60(b), as it is styled, or as a successive habeas corpus petition, subject to the limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(b).

A motion to vacate denial of a habeas petition is considered a successive petition if it alleges "an asserted federal basis for relief from a state court's judgment of conviction," <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 530 (2005), and thus "attacks the underlying conviction," <u>Harris v. United States</u>, 367 F.3d 74, 81 n.5 (2d Cir. 2004); <u>see also Gonzalez</u>, 545 U.S. at 532.  On the other hand, a proper Rule 60(b) motion "attacks the integrity of the previous habeas proceeding." <u>Harris</u>, 367 F.3d at 77.

Here, Mr. Smith seeks reconsideration of the 2004 Judgment on the ground that the wrong substantive standard was used to assess his challenge to his 1995 conviction.  Because the application attacks the original conviction rather than the integrity of the habeas proceeding, it should be treated as a successive petition.

B.    Transfer to Court of Appeals

"Before a second or successive application permitted by [the AEDPA] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."    28 U.S.C. § 2244(b)(3)(A).    Accordingly, successive habeas corpus petitions "should be transferred to [the Second Circuit] for possible certification."    Harris, 367 F.3d at 82; see also Poindexter v. Nash, 333 F.3d 372, 382 (2d Cir. 2003); Liriano v. United States, 95 F.3d 119, 120-21 (2d Cir. 1999);  Boyd v. Smith, No. 03 Civ. 5401, 2004 WL 2915243, at *11 (S.D.N.Y. Dec. 17, 2004).

Mr. Smith did not obtain authorization from the Court of Appeals before submitting his successive petition.  Therefore, the petition should be transferred to the United States Court of Appeals for the Second Circuit for possible certification.

Conclusion

For the reasons set forth above, I recommend that the petitioner's application to vacate the 2004 Judgment dismissing his petition (Docket No. 53) be transferred to the United States Court of Appeals for the Second Circuit.    Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and

Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Loretta A. Preska, Room 2220, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully Submitted,

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:    New York, New York
          July 17, 2013


Copies mailed this date to:

Kenneth Smith
95A2029
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

Allison Gill, Esq.
Chief, Habeas Bureau
Office of the New York Attorney General
120 Broadway
New York, New York  10271