```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/17/2014
```

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
KENNETH SMITH,                      :
                                    :
              Petitioner,           :    03 Civ. 3318 (LAP) (JCF)
                                    :
         -against-                  :    ORDER ADOPTING REPORT
                                    :    AND RECOMMENDATION
                                    :
ELIOT SPITZER, Attorney General,    :
State of New York                   :
                                    :
              Respondent.           :
                                    :
------------------------------------x
```

LORETTA A. PRESKA, Chief United States District Judge:

On June 5, 2013, Kenneth Smith ("Smith") moved, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)"), to vacate the 2004 judgment denying his petition for a writ of habeas corpus. On July 17, 2013, Magistrate Judge James C. Francis IV issued a Report and Recommendation (the "Report"), in which he recommended that the application be transferred to the United States Court of Appeals for the Second Circuit. The parties were given fourteen days to file any objections. Objections to Judge Francis's Report were submitted to the Court by letter dated July 26, 2013. [Dkt. no. 55].

I. Background

In 1995, Smith was convicted of four counts of Robbery in the Second Degree in violation of New York Penal Law § 160.10(2)(b) in New York State Supreme Court, New York County.

1

See Smith v. Spitzer, 03 Civ. 3318, 2012 WL 7993085, at *1 (S.D.N.Y. July 24, 2012).  In 2003, Smith filed a petition for a writ of habeas corpus in this Court challenging his conviction on several grounds.  In particular, he claimed that he was denied his Sixth Amendment right to counsel when his application to proceed without an attorney was granted without his being properly warned of the risks.  (See Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus by a Person in State Custody dated March 26, 2003).  On July 16, 2004, Judge Francis issued a report and recommendation recommending that the petition be denied.  This court adopted that recommendation on December 17, 2004.  (Order dated Dec. 17, 2004 ("2004 Judgment")).

On December 22, 2011 and February 9, 2012, Smith submitted letter applications, seeking relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure based on a purported change in the law.  In his report and recommendation dated July 24, 2012, Judge Francis recommended that the applications be denied.  This court adopted that recommendation on April 29, 2013.  Smith v. Spitzer, 03 Civ. 3318, 2013 WL 1800207, at *2 (S.D.N.Y. April 29, 2013).

II.  Report and Recommendation

In the instant motion, Smith argues the 2004 Judgment should be vacated and his petition granted because he was deprived of counsel during critical stages of his 1995 criminal

2

proceeding. (Letter of Kenneth Smith dated June 5, 2013 ("Application") at 1). Smith argues that three recent Supreme Court cases – Evans v. Michigan, __ U.S. __, 133 S. Ct. 1069 (2013), Johnson v. Williams, __ U.S. __, 133 S. Ct. 1088 (2013), and Marshall v. Rodgers, __ U.S. __, 133 S. Ct. 1446 (2013) – set binding standards for assessing a waiver of the right to counsel which were not adhered to in his case. (Application at 2) Smith argues that this Court is required to give deference to these "right-to-counsel" cases and that he is entitled to relief under Rule 60(b). (Application at 3).

The Report first discusses the threshold question of whether the Application should be construed as a motion to vacate a judgment under Rule 60(b), as it is styled, or as a successive habeas corpus petition, subject to the limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C § 2244(b). This distinction is important as "a motion under Rule 60(b) to vacate a judgment denying habeas is not the equivalent of a second or successive habeas petition subject to the standards of § 2244(b)." Rodriguez v. Mitchell, 252 F.3d 191, 194 (2d Cir. 2001).

An application is treated as a successive habeas petition when it "assert[s a] federal basis for relief from a state court's judgment of conviction," Gonzalez v. Crosby, 545 U.S. 524, 530 (2005), and thus "attacks the underlying conviction,"

3

Harris v. United States, 367 F.3d 74, 81 n.5 (2d Cir. 2004).  On the other hand, an application should be treated as a Rule 60(b) motion when "the motion relates to the integrity of the [previous] federal habeas proceeding, not to the integrity of the . . . criminal trial."  Harris, 367 F.3d at 80 (internal quotations omitted).

The Report correctly reasons that Smith's Application should be treated as a successive habeas petition because it "attacks the original conviction rather than the integrity of the habeas proceeding."  (Report at 3)  The Application repeatedly alleges that Smith was denied his right to counsel at "critical stages" of his state court criminal proceeding.  (See Application at 1-5)  Smith's frequent reliance on this sole issue cannot reasonably be construed as a legitimate challenge to the 2004 Judgment.

Because the Application must be construed as a successive habeas petition, the Report explains that "'[b]efore a second or successive application permitted by [the AEDPA] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'"  (Report at 4 quoting 28 U.S.C. § 2244(b)(3)(A))  "Accordingly, successive habeas corpus petitions 'should be transferred to [the Second Circuit] for

4

possible certification.'"  (Report at 4 quoting Harris, 367 F.3d at 82 (2d Cir. 2004)).

III. Objections

Smith objects to Judge Francis's Report arguing that the Report "misperceive[s]" the Application as a successive habeas petition when it is in fact a proper Rule 60(b) motion.  [Dkt. no. 55 at 2].  Smith alleges the Court is bound by the "Johnson v. Williams . . . interpretive application of the . . . [AEDPA]."  [Dkt. no. 55 at 6].  Smith attempts to describe Johnson as "new authority" that requires his "Sixth Amendment claim [to be] subject to review . . . pursuant to [the AEDPA's] deferential standard, rather than de novo."  [Dkt. no. 55 at 2].

Even if this Court accepts Smith's argument that the Application is a proper Rule 60(b) motion to vacate the 2004 Judgment denying him habeas, Smith's claim still fails.  Smith does not specify under what clause of Rule 60(b) he bases his motion on.  Nevertheless, Smith's assertions that a new standard under Johnson must be applied strongly suggest he means to move under Rule 60(b)(5), which applies when the judgment "is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable."  Fed. R. Civ. P. 60(b)(5).  Any motion under Rule 60(b)(5) "must be made within a reasonable time."  Fed. R. Civ. P. 60(c)(1).  Smith's instant motion was made over eight years after the judgment

5

sought to be vacated.  Eight years is not a reasonable amount of time.  See Rodriguez, 252 F.3d at 201 (Rule 60(b) motion three-and-one-half years after the judgment date found unreasonable); Carbone v. Cunningham, 857 F. Supp. 2d 486, 488 (S.D.N.Y. 2012) (Rule 60(b) motion untimely after an unjustified four-year delay).  The Johnson case that Smith relies on does not create a new deferential standard for AEDPA claims; it merely references the standard defined in 28 U.S.C § 2254(d) as deferential.  See Johnson, 133 S. Ct. at 1091-92.[1]  Accordingly, Smith cannot argue that he was unable to bring his claim prior to the decision in Johnson.

    Additionally, this Court recognizes that "[a] document filed pro se is to be liberally construed," Erickson v. Pardus, 551 U.S. 89, 94 (2007), and thus Smith's Application is interpreted to raise the "strongest arguments [it] suggest[s]." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).  Here, even

---

[1]  The "deferential" AEDPA standard Smith mentions refers to when a federal court may grant habeas relief to a state prisoner whose claim has already been "adjudicated on the merits in State court."  28 U.S.C. § 2254(d).  If this court were to apply this deferential standard it would be bound to accept the State court's finding that Smith made a "knowing, intelligent and voluntary waiver of his right to counsel for all purposes," People v. Smith, 299 A.D.2d 299, 300 (N.Y. App. Div. 1st Dep't 2002), unless the result was "contrary to . . . clearly established Federal law" or unreasonable "in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  Smith provides no argument or evidence indicating that his conviction was contrary to clearly established Federal law or unreasonable in light of the evidence presented in his State court proceeding.

6

though Smith "strenuously object[s]" to his Application being considered a successive habeas petition [dkt. no. 55 at 6], any of the arguments currently put forth by Smith, considered as a proper Rule 60(b) motion, would be dismissed as untimely.  Thus, the only way Smith can prevail in the instant motion is to treat his Application as a successive habeas petition.

IV.  Conclusion

Having considered the objections to Judge Francis's Report and finding the Report to be well-reasoned and thoroughly grounded in the law under de novo review, see Fed. R. Civ. P. 72(b), it is hereby ORDERED that the Report is ADOPTED in its entirety and Smith's application to vacate the 2004 Judgment dismissing his petition [dkt. no. 53] is transferred to the United States Court of Appeals for the Second Circuit for possible certification.

SO ORDERED.

Dated:     New York, New York
           March 15, 2014

_____
LORETTA A. PRESKA
Chief U.S. District Judge